MICHAEL GERNON, Appellant, *v.* JOSEPH B. HOYT, Impleaded,
etc., Respondent.

Where a partnership business is done in the name of an individual member
of the firm, the burden is upon one, seeking to charge the copartnership
upon a note given for money loaned, executed in the name of such in-
dividual member, to show that the money was borrowed for or ap-
propriated to the use of the firm, or at least that the name was in fact
used to denote the firm.

(Argued June 14, 1882 ; decided October 10, 1882.)

THIS action was brought against defendants as alleged co-
partners doing business in the name of the defendant Weed,
upon two promissory notes executed in his individual name,
made payable to his order and indorsed by him. They were
given for money loaned to Weed.

The principal questions presented and the facts pertinent
thereto appear in the following extracts from the opinion.

" The liability of the defendant in this action depended
upon two facts ; first, whether the name signed and indorsed
upon the notes was used to designate a firm ; and second,
whether he was a member of that firm. (*So. Car. Bank
v. Case*, 8 B. & C. 427 ; *Ex parte Law*, 3 Deac. 541 ; Lindley
on Partnership, 342.) These questions were submitted to the
jury, and their verdict in his favor must be deemed conclusive,
unless they were brought to it by some error of the trial court.

The learned counsel for the appellant contends, *first*, that the jury should have found " that such partnership existed in 1872 " (the time when the notes in controversy bear date), alleging that the evidence was all that way, and was neither " incredible nor improbable." This claim was not made at the trial, nor was there any objection to its submission to the jury as a fact, which upon the evidence might be found either way. It is now too late to raise the question. I have, however, looked into the evidence, and find that whatever relation Mr. Hoyt may have had to or with Mr. Weed in the business carried on prior to 1869, might upon that evidence be fairly said to have terminated in that year.

*Second*, the appellant asked the court to charge that if the jury find " C. A. Weed " was the firm name or style of the copartnership, and Mr. Weed was not engaged in any other business at the time the notes were made, the presumption is that the notes were the notes of the copartnership," and this being refused, he excepted. As applied to this case, the request involved an abstraction. The plaintiff proceeded upon a different theory. He undertook to show by the evidence of the original holder of the notes that at the time of their inception, Weed represented that the money which formed their consideration was for the use of the business alleged to be conducted by the firm, and this was met by the defendant, who by Weed contradicted that evidence and gave testimony tending to show that instead thereof he then stated he wanted the money as an individual and for purposes of his own ; and so the case was submitted to the jury, the court saying, " to entitle the plaintiff to recover he must satisfy the jury, first, that a partnership existed between Hoyt (the defendant) and Weed, and that the copartnership business was carried on under the name of Weed alone, and also that Weed, when he borrowed the money of Mrs. Norton, represented in effect that he borrowed it for the use of the copartnership.

There was no exception to either of these propositions, and instead of charging, as the learned counsel assumes, " that the plaintiff must satisfy the jury that the money was borrowed for the copartnership," the court at his request told the jury

that if, at the time he borrowed the money, Weed told Mrs. Norton (the lender) that he wanted it for the business of the partnership, it made no difference what use he put it to after he got it.

There was no place, therefore, for the presumption now contended for, and whatever the rule may be when a note signed in the name of an individual is given in the business of a firm conducted under it or in matters apparently relating thereto, as in *Bank of Rochester* v. *Monteath* (1 Denio, 402), it can have no application to a case where the sole consideration is a loan of money, which the necessity or whim, as well as the business of an individual may require. In such a case it would seem that the plaintiff, seeking to charge the partnership, assumes the burden of proving that the money was borrowed for, or appropriated to, the use of the firm, or at least that the name was in fact used to denote all the partners. (Story on Partnership, § 139 [6th ed.]; Lindley on Partnership, 342.)

*Third.* It is also argued that if for any reason the notes sued upon should be held to be the individual notes of C. A. Weed, the appellant may resort to and recover the original consideration. This view of the case was not presented at the trial, and it cannot be started upon appeal."

*John E. Develin* for appellant.

*Thomas G. Ritch* for respondent.

DANFORTH, J., reads for affirmance, with costs.
All concur.
Judgment affirmed.